Paul J. Vitanza
Texas Bar No. 24028100
BARLOW GARSEK & SIMON, LLP
100 Lexington Street, Suite 151
Fort Worth, Texas 76102
817.731.4500
817.731.6200 (facsimile)
pvitanza@bgsfirm.com

Attorneys for Riverbend Business Park, LLC

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **V1 TECH, LLC,** | § | **CASE NO. 24-44509-ELM-11** |
| | § | |
| Debtor. | § | |

**OBJECTIONS TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION**

TO THE HONORABLE EDWARD L. MORRIS, U.S. BANKRUPTCY JUDGE:

Landlord Riverbend Business Park, LLC ("**Landlord**") files and submits these Objections ("**Objections**") to the *Debtor's Plan of Reorganization [Dated March 3, 2025]* ("**Plan**") [Doc. 39] filed by the above-captioned debtor V1 Tech, LLC ("**Debtor**"). In support of these Objections, Landlord respectfully states as follows:

**I.**

**Preliminary Statement**

1. Landlord[1] and Debtor are parties to a May 15, 2024 *Lease Agreement*, a nonresidential real estate lease for a 13,000 square foot warehouse location at 7721 Sand Street,

---

[1] Although the Plan refers to the Lease "with S&K Management Inc." (Plan at Art. 6.1), Landlord is the owner and counterparty to the Lease. S&K Management Inc. is Landlord's management company with respect to the Lease and subject premises.

Riverbend Business Park, Fort Worth, Texas 76118 ("**Lease**"). The term of the Lease runs through July 2026. Base monthly rent under the Lease is $5,958.33/month (months 0-2), $11,916.66/month (months 3-14), and $12,458.33 per month (months 15-26), in addition to additional rent for proportionate share of increases in operating expenses and other sums as stated in the Lease (collectively, "**Rent**"). The Lease also provides for a security deposit of $12,458.33, which Landlord continues to hold ("**Security Deposit**").

2. Debtor defaulted for nonpayment of Rent less than six months into the 26-month Lease.

3. On December 3, 2024 ("**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**") with this Court.

4. On February 11, 2025, Landlord filed its Proof of Claim (#18) in the pre-petition claim amount of $19,745.22 ("**Claim**").

5. On March 3, 2025, the Debtor filed its Plan. The confirmation hearing is currently set for April 29, 2025 ("**Confirmation Date**").

6. Landlord supports a reorganization that will enable Debtor to emerge from bankruptcy and, to the extent assumed, comply with the terms of its Lease with Landlord.

7. However, as set forth below, Landlord objects to (i) the deficient proposed cure amounts, (ii) the application of the Security Deposit to satisfy a portion of the Claim, (iii) the failure to maintain a security deposit going forward post-assumption, and (iii) terms to the extent that they cut off Debtor's obligations to pay amounts and cure all defaults under the Lease that are not yet due under the Lease and extinguish Landlord's rights under the Lease including setoff.

8. Landlord will work with the Debtor prior to the confirmation hearing to attempt to address the defects in the Plan that are identified in these Objections.

## II.

## Objections

9. Section 365(d)(4)(A) of the Bankruptcy Code provides that a lease shall be deemed rejected unless the Debtors assume or reject that lease by the earlier of:

    (i)    the date that is 120 days after the date of the order for relief; or

    (ii)    the date of the entry of an order confirming a plan. 11 U.S.C. § 365(d)(4)(A).

10. Prior to assumption of a lease, a debtor is required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding monetary defaults under the Lease, compensate the landlord for any actual pecuniary loss, and provide adequate assurance of future performance under such lease. *See* 11 U.S.C. §365(b)(1).

11. Article 6.1(a) of the Plan provides that the Reorganized Debtor assumes the Lease effective upon the Effective Date. Article 7.2 of the Plan provides that the Reorganized Debtor shall perform all obligations under the Lease.

**A.  The Debtor's Proposed Treatment of Landlord's Pre-Petition Claim is Irreconcilable with the Necessary Cure Amounts and Obligations Under the Lease.**

12. The Debtor proposes to pay only a $12,458.33 portion of Landlord's $19,745.22 pre-petition monetary Claim and proposes to satisfy that limited payment only by surrendering the $12,458.33 Security Deposit already held by Landlord under the Lease. Specifically, Article 4.1 of the Plan (at page 12) provides:

> <u>Class 1F Summary</u>. Class 1F consists of the Secured Claim of Riverbend. Riverbend has filed a proof of claim asserting it is owed approximately **$19,745.22**. The Class 1F Claim is allegedly secured by a security deposit in the amount of **$12,458.33**. The Class 1F Claim shall be modified as set forth herein and paid by Reorganized Debtor as follows.
>
> <u>Principal Amount</u>. The unpaid principal balance of the Allowed Class 1E Claim is hereby allowed as an Allowed Secured Claim in

the amount of **$12,458.33**.

<u>Surrender of Collateral</u>. The collateral securing the Class 1F Claim shall be surrendered to the Holder of the Allowed Class 1F Claim in full satisfaction of its Claim.

13. Not only does the Debtor's proposed treatment of Landlord's Claim fail to cure monetary defaults under the Lease and compensate the Landlord for any actual pecuniary loss, it proposes to strip the entire Security Deposit held by Landlord *going forward* under the remaining term of the Lease leaving no security deposit under the Lease and, consequently, the Landlord without any security. The Plan fails to address any intent to replace the Security Deposit with a new one or otherwise provide adequate assurance as to same.

14. Landlord objects to the Plan's failure to cure in conjunction with its assumption of the Lease and requests that the Plan be rejected or otherwise modified to provide for full payment of the Claim and, to the extent the existing Security Deposit is applied to satisfy the Claim, a new security deposit be made by Reorganized Debtor with Landlord in the amount of the Security Deposit upon the Effective Date.

**B.     The Reorganized Debtor Should be Responsible for All Post-Effective Date Obligations Under the Lease, Whether Accrued Before or After the Effective Date.**

15. As adequate assurance of future performance under the Lease, the Reorganized Debtor must be responsible to satisfy any amounts due under the Lease, such as year-end adjustments of additional rent-related charges, including, without limitation, adjustments for calendar year 2024 and going forward, and any other accrued but unbilled amounts under the Lease including, but not limited to, common area maintenance charges, taxes, and year-end adjustments, and to remain liable for any indemnity and other obligations under the Lease, regardless of whether a related claim arose before or after the Effective Date.

16. The Reorganized Debtor must also be required to comply with all other contractual

obligations under the Lease, including with respect to the security deposit. To cure possible pre-assumption, non-monetary defaults and provide adequate assurance of future performance under the Lease, the Reorganized Debtor must be required to assume all responsibility for any and all such obligations, notwithstanding anything to the contrary contained in the Plan or any court order.

17. The Landlord respectfully requests that the Plan be modified to clarify that the Reorganized Debtor is responsible for satisfying all obligations that come due under the Lease after it is assumed, whether such obligations accrued before or after the Effective Date.

**C.  Confirmation of the Plan Should Neither Impair nor Diminish Landlord's Setoff Rights Pursuant to the Lease.**

18. The Debtor seeks to enjoin Landlord from asserting its setoff rights provided pursuant to the bargained-for protections in the Lease. Article 10.20 of the Plan provides that creditors are prevented from exercising any right of setoff after the Effective Date, all said rights being waived. The Debtor's attempt to extinguish the right of setoff is impermissible and particularly inappropriate as it pertains to the Landlord.

19. Confirmation of the Plan cannot and should not abrogate a creditor's right of setoff. According to section 553(a) of the Bankruptcy Code, "[e]xcept as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset" mutual pre-petition debts. *See* 11 U.S.C. § 553(a). Section 553 takes precedence over the discharge provided by section 1141 and confirmation of a chapter 11 plan does not abrogate a party's setoff rights. *See In re Luongo*, 259 F.3d 323, 333 (5th Cir. 2001); *see also In re De Laurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1274-77 (9th Cir. 1992); *In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir. 1990).

20. Accordingly, Landlord objects to the Plan provisions that seek to prohibit its rights of setoff and respectfully requests, for the reasons set forth above, Article 10.20 of the Plan should

be modified by including the following language:

> Notwithstanding anything to the contrary, nothing shall modify the rights, if any, of any holder of Claims or any current or former party to an Executory Contract or Unexpired Lease, to assert any right of setoff or recoupment that such party may have under applicable bankruptcy or non-bankruptcy law, including, but not limited to, (i) the ability, if any, of such parties to setoff or recoup a security deposit held pursuant to the terms of their unexpired lease(s) with the Debtor, or any successors to the Debtor, under the Plan; (ii) assertion of rights of setoff or recoupment, if any, in connection with Claim reconciliation; or (iii) assertion of setoff or recoupment as a defense, if any, to any claim or action by the Debtor or any successors of the Debtor.

21. The Debtor has not and cannot justify its desire to abrogate its creditors' rights of setoff, and particularly, the Landlord's right of setoff pursuant to the bargained-for protections in the Lease, by the inclusion of the language in Article 10.20 of the Plan. Landlord respectfully requests that Article 10.20 be modified as set forth herein to preserve those rights.

## III.

## Reservation of Rights and Joinder

22. Landlord reserves the right to amend and/or supplement these Objections by asserting any and all other claims, whether based on cure or otherwise, or objections to assumption or Plan confirmation as may be appropriate at or before the confirmation hearing.

23. To the extent not inconsistent with these Objections, Landlord joins in the objections of other contract counterparties to the Plan.

WHEREFORE, Landlord respectfully requests that the Court enter an order (i) denying confirmation of the Plan unless modified as set forth herein; and (ii) granting such other and further relief as the Court deems just and proper.

April 22, 2025.

Respectfully submitted,

BARLOW GARSEK & SIMON, LLP
100 Lexington Street, Suite 151
Fort Worth, Texas 76102
817.731.4500
817.731.6200 (facsimile)

By: ___/s/ Paul J. Vitanza_____
 Paul J. Vitanza
 Texas Bar No. 24028100
 pvitanza@bgsfirm.com

Attorneys for Riverbend Business Park, LLC

### Certificate of Service

I hereby certify on this 22nd day of April 2025, a true and correct copy of the foregoing document has been served upon all parties in accordance with Rule 3020 and registered to receive electronic service via this Court's ECF notification system.

 ___/s/  Paul J. Vitanza_____
 Paul J. Vitanza